**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SURJIT SINGH, | No. 17-70733 |
| Petitioner, | Agency No. A096-152-558 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Surjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where the motion was filed more than twelve years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and where Singh failed to establish a material change in circumstances in India to qualify for the regulatory exception to the time limitation for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi*, 597 F.3d at 990-91 (petitioner failed to show evidence was "qualitatively different" to warrant reopening); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence immaterial in light of prior adverse credibility determination). We reject Singh's contentions that the BIA failed to consider evidence.

**PETITION FOR REVIEW DENIED.**